In the Matter of the Workmen's Compensation CLAIM of Mrs. Albert P. MAFFEI (Adriani), Widow of Albert P. Maffei, Deceased, filed under the Wyoming Workmen's Compensation Law.

Lela Irene Maffei ADRIANI, and Lela Irene Maffei Adriani, as Guardian, Appellants

(Claimants below),

v.

WORKMEN'S COMPENSATION DEPARTMENT

of Wyoming, Appellee.

No. 2889.

Supreme Court of Wyoming.

May 5, 1959.

338 Pac.2d 818

118

Lee S. Nebeker, Green River, and Richard L. Bird, Jr., of Richards, Bird & Hart, Salt Lake City, Utah, for appellant.

Thomas O. Miller, Atty. Gen., and Sterling A. Case, Asst. Atty. Gen., for appellee.

Before BLUME, C. J., and PARKER and HARNSBERGER, JJ.

120

## OPINION.

Mr. Justice HARNSBERGER delivered the opinion of the court.

This is an appeal from denial of the claim of a widow under the Workmen's Compensation law of this State, W.C.S. 1945, § 72-101 et seq., arising from the death of her husband.

It appears deceased had been notified by telephone, at the direction of the marshal of the town of Kemmerer, that his place of business had been broken into. The marshal and another person were following tracks, which they assumed were those of a suspect made in new snow, when they met deceased coming from his home presumably in answer to the phone call. The three men continued following the tracks which led to where it seemed the suspect had entered an automobile. From

there the automobile tracks were followed going outside the town limits and to another town where the car was found. The marshal directed the third man to remove the keys from the car, which he did. The three continued their search when a man suddenly appeared with two guns, made them get in the car with him, and drive to a secluded area where the suspect shot and killed the deceased. Because of these circumstances the widow claimed her husband lost his life while engaged in performance of his duties as an employee of the town.

At the hearing before the district court, the third man was called as a witness for claimant and testified generally to the above facts which do not seem to be disputed. In addition, he stated he could not recall what was said when the deceased joined the marshal and the witness, except that

"* * * it was on the matter of the fact that somebody had broken into his place of business and whoever it was, we figured out made these tracks leaving that area and the tracks were real fresh and probably we might be able to catch whoever it might be.";

that later in the search the marshal said he would get the "Paddy Wagon" and then he "picked me up and we went down and picked Albert (the deceased) up and followed the tracks * * *". On cross-examination the witness testified he was not hired or deputized by the marshal, but that he volunteered to go with the marshal and accompanied him of his own free will and was never told to accompany the marshal.

The marshal, who was claimant's only other witness beside herself, testified that when deceased joined him and the third man, he, the marshal, said to deceased,

"Do you want to go to the garage and wait for me until I get back * * * ", to which deceased replied, "No, I will go with you"; that deceased could have gone home if he wanted to; that he "would much rather not have either one with me—in fact—"; that he had instructed the third man to "call one of the Maffei boys and tell them the place is broken into"; that in the course of the search after he got the patrol car he "invited them into the patrol car".

In a letter from the court instructing counsel to prepare and submit an appropriate order denying the claim for compensation, the court commented:

"It does not appear from the evidence that Mr. Maffei was *required,* summoned, impressed, commanded, or otherwise to accompany the policeman. Nor was he deputized by implication or otherwise. He was asked if he wanted to 'go with us or go to the garage.' He elected to accompany the officer and one other person and thereby became a volunteer and proceeded at his peril."

It is evident to us from this statement and from an examination of the entire transcript of the testimony, the substantial portion of which is set forth herein and which was all the evidence submitted, that the court had a clear understanding of the applicable law and that its determination that the evidence had failed to meet claimants' burden of proof to show the deceased was acting either as an employee of the town or was impressed in the town's service as a member of a posse comitatus was correct.

The judgment of the court being fully justified by the lack of evidence necessary to support the claim the same was properly denied.

Affirmed.